UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
OCT 1 5 2012
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

IN RE:

RONALD ASARO and KELLI ASARO,

    Debtors.
_____/

RONALD ASARO and KELLI ASARO,      Case No. 12-14015

    Appellants,      Honorable John Corbett O'Meara

v.

HOMER W. McCLARTY, Trustee,

    Appellee.
_____/

## OPINION AND ORDER DENYING
## DEBTORS' MOTION TO STAY ORDER

    This matter came before the court on debtors Ronald and Kelli Asaro's September 18, 2012 Motion to Stay Order. Homer W. McClarty, trustee, filed a response September 24, 2012. No reply was filed, and no oral argument was heard.

    On August 1, 2012, the bankruptcy court entered its Order Compelling Debtors to Cooperate with the Trustee and Turn Over Vehicles. The order requires Debtors to cooperate with the trustee in efforts to market real property in Canton and Livonia, Michigan, and to turn over certain vehicles to the trustee. Debtors filed an appeal of the August 1 order in this court September 11, 2012. A week later, on September 18, 2012, Debtors filed this motion to stay.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 158, a party may appeal "final judgments, orders and decrees" of a bankruptcy court. In order for an order to be considered final for purposes of an appeal, "it must end the litigation on the merits and leave nothing more for the court to do but execute the judgment." Wicheff v. Baumgart, 215 B.R. 839, 843 (6th Cir. 1998). In this case the order Debtors appeal requires only that Debtors cooperate with the trustee to market the real property and deliver the vehicles. In order to sell the property, the trustee must notify interested parties; and the court can address any objections that may be filed in opposition to the trustee's proposed sale. See Fed. R. Bankr. P. 202(a)(2) and 6004(a). To the extent the trustee desires to sell the real property or vehicles free of liens, the trustee must obtain court approval before consummating a sale. Fed. R. Bankr. P. 6004(c). In this case, the order Debtors appeal does not end this dispute; it merely requires cooperation on the part of Debtors. Therefore, it is doubtful that the order is appealable.

Assuming for purposes of the instant motion that the order is appealable, however, in determining whether to issue a stay pending appeal in a bankruptcy matter, a district court must consider the following factors: 1) whether the applicant has demonstrated a likelihood of success on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other interested parties; and 4) whether the public interest would be served by issuing the stay." Simon v. Wells Fargo Bank, 2009 Bankr. LEXIS 1522 (Bankr. N.D. Ohio 2009) (quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150 (6th Cir. 1991).

In this case it is unlikely that Debtors will succeed on the merits. Again, the bankruptcy court has not ordered the sale of the property at issue; it merely requires the Debtors' cooperation pursuant

2

to 11 U.S.C. §§ 521(a)(3) and (4), and 542. In addition, Debtors will not suffer irreparable injury if they abide by the court's order because at this point, none of the property is for sale. Other parties, however, may be injured by Debtors' continued failure to abide by the order. With more delay on the part of Debtors comes the risk of foreclosure on, and devaluation of, the real property. Finally, it is in the public interest that Debtors abide by the order of the bankruptcy court.

## ORDER

It is hereby **ORDERED** that Debtors' September 18, 2012 Motion to Stay Order is **DENIED**.

John Corbett O'Meara
United States District Judge

Dated: October 15, 2012